RAPHAER v. LEADER.

(District Court, E. D. Georgia, S. D.   February 27, 1913.)

1. FALSE IMPRISONMENT (§ 20*)—PLEADING AND PROOF.
   A declaration in an action for false imprisonment against a single defendant, which contains no charge of conspiracy, cannot be supported by evidence directed entirely against a third person.
   [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. §§ 86–97; Dec. Dig. § 20.*]

2. FALSE IMPRISONMENT (§ 31*)—ACTION—SUFFICIENCY OF EVIDENCE.
   There is a presumption of innocence in favor of a defendant charged with false imprisonment, in either a criminal or civil proceeding, the burden of removing which rests on the adverse party; and proof that a defendant, in obedience to a message from his brother, caused plaintiff's arrest on a charge of larceny, of which he was acquitted, is insufficient in itself to support an action for false imprisonment.
   [Ed. Note.—For other cases, see False Imprisonment, Cent. Dig. § 108; Dec. Dig. § 31.*]

At Law.   Action by Alex Raphaer against Moses Leader.   On motion to direct verdict for defendant.   Motion sustained.

Osborne & Lawrence and Ed. Cohen, all of Savannah, Ga., for plaintiff.

Adams & Adams and M. H. Bernstein, all of Savannah, Ga., for defendant.

SPEER, District Judge (orally).   This is an action brought by Alex Raphaer against Moses Leader.   It is for alleged imprisonment.   No person is mentioned in this declaration, except the plaintiff and the defendant.   H. Leader is not referred to.   So far as the court knew when the declaration was read, and so far as the defendant knew when it had been served, there was no such person as H. Leader.

[1] Now there is a fundamental principle which governs; that is, that the defendant is entitled to be informed by the declaration or the indictment of the case or the accusation brought against him.   This is a case against M. Leader.   But the proof is exclusively against H. Leader.   There is no charge of conspiracy in the declaration, no charge that there are joint tort-feasors; there being no proof to warrant the action against M. Leader in the opinion of the court, there is an utter variance between the case brought by the plaintiff and the case which he has attempted to sustain by evidence.   There is no charge of malice, no charge of joint malicious intent.   For these reasons, in my judgment, the case brought by the plaintiff has not been sustained.

[2] As to the case now made by the proof against M. Leader, even if the pleading justified it, in my judgment it was perfectly consistent with

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

good faith on his part. A citizen is not to be reprehended or mulcted in damages for being active in the apprehension of those charged with crime. M. Leader lived in Vidalia. His brother, H. Leader, was conducting a business in which this plaintiff had been employed at Dublin some 30 miles away. M. Leader came to Savannah to visit his friend Krouskoff. From the proof it seems that he got information either by telephone or telegraph that Alex Raphaer had stolen something from his brother, H. Leader, was on his way to Savannah with trunks containing stolen goods, was requested to look out for him and have him arrested. He did nothing wrong when that information came to him. He proceeded to look for the police authorities. He called in the detectives. He went, as he had a right to under the law, to the depot with the detectives, and pointed out this man, who was charged to be fleeing, carrying off the goods and chattels of his brother, H. Leader. The detectives, with the by no means indirect methods which prevail here, had opened the trunk. Immediately thereafter M. Leader did the next thing which the law requires. He had a warrant taken out in the county where the crime was alleged to have been committed. In conformity to our law, Alex Raphaer was taken back there. The case was inquired into and the defendant was acquitted. That does not destroy the presumption of good faith which the law preserves in favor of M. Leader. The burden to remove that presumption is on the plaintiff. But all the proof indicates (except one phase to which I will presently advert) that he stood by, while the detectives opened the trunk and went through the goods, and only said:

"The goods were sold by me to my brother. This rifle and pistol came from my store, and was sold to my brother."

This in fact was true. H. Leader had bought the articles identified from M. Leader.

I now come to the proof made by Leonard, viz., that he strolled in the store of H. Leader, that he sat himself down where the Leader Brothers were talking, and he heard M. Leader say that if Raphaer did leave he would bring him back with handcuffs on. If that is true, and although there is something a little fishy about it, I am obliged to assume it is true for the purpose of this motion, it is not evidence of false imprisonment but might be evidence of malicious prosecution.

There is a fundamental difference between false imprisonment and malicious prosecution. The distinction made by the authorities is fundamental. They are made up of different elements, and are supported by different causes of action, and are subject to different defenses.

The pleadings here might justify proof of malicious prosecution, but the court, on a declaration alleging false imprisonment by M. Leader, cannot sustain the case on proof of malicious prosecution by H. Leader. The case as stated is wholly against H. Leader.

The presumption of innocence obtains in behalf of a defendant against whom an action is brought for false imprisonment. The charge constitutes a crime, and might be presented by indictment.

Taking this presumption into consideration, along with the other matters I have discussed, I am constrained to conclude, and accordingly hold, that a verdict for the defendant must be directed.